UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, and ) <br> CARMICHAEL & DAME DESIGNS, INC. ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> WK OLSON ARCHITECTS, INC., ) <br> WILLIAM K. OLSON, R&D CUSTOM ) <br> HOMES, DANIEL DEVIVIO and ) <br> STEVEN SPANO, ) <br>  ) <br> Defendants. ) | No. 17 C 7432 <br><br> Judge Sara L. Ellis |

**OPINION AND ORDER**

Plaintiffs Design Basics, LLC ("Design Basics") and Carmichael & Dame Designs, Inc. ("CDD"), architectural design companies that create home plans and sell design licenses, discovered home plans on Defendants WK Olson Architects, Inc. ("WK Olson") and R&D Custom Homes' websites that appear to copy those of Design Basics and CDD. To protect their copyrights, Plaintiffs filed this suit against WK Olson, its controlling shareholder William K. Olson, R&D Custom Homes, and its controlling shareholders, Daniel DeVivo and Rocky Spano. In their first amended complaint, Plaintiffs bring claims for willful and non-willful copyright infringement in violation of the Copyright Act, 17 U.S.C. § 106, vicarious infringement against the controlling shareholders, and violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.[1] WK Olson and Olson move to dismiss the first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs

---

[1] Only WK Olson and Olson have filed appearances in the case. The Court entered a default against the remaining defendants on January 11, 2018, before Plaintiffs filed the first amended complaint. *See* Doc. 23. The Court addresses solely the viability of the first amended complaint with respect to WK Olson and Olson.

have not met their pleading burden, instead only setting forth conclusory allegations to support their claims, the Court dismisses the first amended complaint without prejudice.

## BACKGROUND[2]

Design Basics, a limited liability company, creates, markets, publishes, and licenses the use of "architectural works." Doc. 31 at ¶ 2. CDD engages in similar work to Design Basics, and indeed, one of its principals purchased Design Basics with another individual in 2009. Olson controls WK Olson, another corporation involved in residential architecture and design.

Design Basics and CDD have created over 350 new home design plans since 2009, which they have registered with the United States Copyright Office. Design Basics and CDD offer single-build licenses for their home designs for a fee ranging from $700 to $6,000. Since 2009, they have generated over $6 million in licensing revenue from over 8,000 construction licenses. Each of Plaintiffs' designs takes between 55 and 90 hours to complete and involves creating a preliminary sketch, a redline, and a plan, and then drafting construction drawings. Plaintiffs have ample freedom to create whatever designs they choose, aside from building code requirements such as hallway width and window opening sizes.

In addition to creating its own designs, Design Basics advertises, markets, and facilitates the sale of several other companies' designs, including CDD's. Design Basics has used various methods to make its design plans available to the public, including design catalogs, displays at stores like Menards, conventions and shows, and websites, including its own, www.designbasics.com. While Design Basics has focused more on its online presence in recent

---

[2] The facts in the background section are taken from Plaintiffs' first amended complaint and are presumed true for the purpose of resolving WK Olson and Olson's motion to dismiss pursuant to Rule 12(b)(6). *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

years, it previously heavily marketed its designs through catalog distribution, sending them directly to businesses, including WK Olson.

Design Basics has found that, as its marketing has increased, so has the piracy of its copyrighted home designs. For example, one lumberyard's employees admitted to copying Design Basics' works, and Design Basics also encountered a builder that did not even bother changing the names of three of Design Basics' plans that the builder used without a license. This has led Design Basics to bring lawsuits to discourage copyright infringement of its architectural works.

At the end of 2015, Paul Foresman, Design Basics' Director of Business Development, was researching infringement cases in Illinois and Indiana when he came across R & D Custom Homes' website, rdcustomhomes.net. That website's "Floor Plan" section directed him to another webpage run by WK Olson, www.olsonplans.com. Foresman found several designs on www.olsonplans.com that looked similar to Design Basics' and CDD's designs. Specifically, these plans, identified by plan number,[3] appeared to copy from eleven of Design Basics' plans and one of CDD's plans.[4]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a

---

[3] Plaintiffs list these eighteen plans by plan number at paragraph 80 of the first amended complaint.

[4] Plaintiffs list these plans by name and copyright registration number at paragraphs 66 and 67 of the first amended complaint.

Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.  **Copyright Infringement Claims (Counts 1-8)**

To state a claim for copyright infringement under 17 U.S.C. § 106, Plaintiffs must plausibly allege that (1) they own a valid copyright, and (2) WK Olson copied "constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Here, Plaintiffs allege both willful and non-willful copyright infringement. In the case of willful infringement, the Copyright Act allows for an increased statutory damage award under 17 U.S.C. § 504(c)(2). Willful infringement occurs where a defendant "knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 211 (7th Cir. 1994) (citation omitted). Plaintiffs also seek to hold Olson vicariously liable for copyright infringement; however, they must first "plead sufficient facts for a valid claim of direct copyright infringement" against WK Olson. *Hart v. Amazon.com, Inc.*, No. 15-C-01217, 2015 WL 8489973, at *5 (N.D. Ill. Dec. 8, 2015).

First, although WK Olson and Olson acknowledge that Plaintiffs hold valid copyrights, they argue that Plaintiffs' claims fail to sufficiently set forth the required second prong of a copyright infringement claim. Plaintiffs may demonstrate copying of constituent elements in

two ways: (1) through direct evidence, such as an admission of copying by the defendant; or (2) showing that the defendant had an opportunity to copy the original, referred to as "access," and that the works in question are "substantially similar" to each other, or, in other words, "that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters v. West*, 692 F.3d 629, 633–34 (7th Cir. 2012).

Plaintiffs respond that they have established this second prong through direct evidence, alleging that WK Olson "*copied*" the works in question, and so they claim they need not allege access and substantial similarity. Doc. 45 at 7. But Plaintiffs must do more than simply allege copying in a conclusory manner; they must provide some facts in their first amended complaint to put WK Olson on notice of the factual basis for that allegation. *Twombly*, 550 U.S. at 555; *Hart*, 2015 WL 8489973, at *4 (although infringement claims are not held to Rule 9(b)'s particularity standards, plaintiff must plead some factual content to support direct infringement). Although Plaintiffs allege that WK Olson's plans infringe certain of Plaintiffs' plans, they do not provide even a representative example of how WK Olson's plans directly replicate theirs or include similar features, leaving WK Olson guessing as to what forms the basis of Plaintiffs' infringement claim.

The Court acknowledges that Plaintiffs may not have direct evidence of copying at the pleading stage, which is why plaintiffs often seek to allege copying circumstantially by demonstrating access and substantial similarity. *See Hobbs v. John*, 722 F.3d 1089, 1094 (7th Cir. 2013) (noting that "defendants rarely admit to copying the works of others," meaning that at the pleading stage, plaintiffs may establish the second element of infringement by showing access and substantial similarity to allow the inference that the defendant copying the work at issue). Here, even assuming that Plaintiffs have sufficiently pleaded access, they have not

pleaded sufficient facts to support the existence of a substantial similarity between their twelve design plans and the eighteen allegedly infringing plans designed by WK Olson. To determine substantial similarity, the Court considers whether "the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters*, 692 F.3d at 633–34. To make this determination, the Court "must first identify which aspects of [Plaintiffs'] work, if any, are protectable by copyright," and then analyze "whether the allegedly infringing work is so similar to [Plaintiffs'] work that an ordinary reasonable person would conclude that [WK Olson] unlawfully appropriated the protectable elements of the work." *Nova Design Build, Inc. v. Grace Hotels LLC*, 652 F.3d 814, 817–18 (7th Cir. 2011) (citations omitted) (internal quotation marks omitted). But the Court cannot even begin this analysis because Plaintiffs have not identified the elements of their copyrighted plans that they contend are protected by copyright law or those elements of WK Olson's plans that they claim infringe on their copyrights. *See Joint Comm'n on Accreditation of Healthcare Orgs. v. The Greeley Co.*, No. 14 C 10225, 2016 WL 1450051, at *6 (N.D. Ill. Apr. 13, 2016) (dismissing complaint where plaintiffs identified three instances (.27%) from defendants' work that allegedly infringed plaintiffs' over 700-page work, noting that such a "minimal degree of duplication is not a reproduction of a substantial portion of the plaintiffs' work" that would satisfy Rule 8); *cf. Joint Comm'n on Accreditation of Healthcare Orgs. v. Fortis Bus. Media LLC*, No. 14 C 10225, 2017 WL 3895593, at *6–8 (N.D. Ill. Sept. 6, 2017) (finding that, in amended complaint, plaintiff sufficiently alleged substantial similarity by presenting an extensive side-by-side comparison of its work with that of defendant's that included identical or paraphrased language). Nor have Plaintiffs attached their plans and WK Olson's plans to the first amended complaint, incorporating these elements by reference to the

6

complaint.[5] Without any identification of similar elements and instead relying only on a blanket statement of copying without any factual basis for support, Plaintiffs have failed to sufficiently suggest substantial similarity. *Cf. TopstepTrader, LLC v. OneUp Trader, LLC*, No. 17 C 4412, 2018 WL 1859040, at *8 (N.D. Ill. Apr. 18, 2018) (plaintiff alleged infringement where it provided specific examples of copying of text, graphs, and tables from its site to defendant's); *Live Face on Web, LLC v. Kam Dev., L.L.C.*, No. 16 C 8604, 2016 WL 7374279, at *3 (N.D. Ill. Dec. 20, 2016) (plaintiff sufficiently alleged substantial similarity by alleging that infringing version of software contained the same letters and prefixes in its code and plaintiff's code).

Plaintiffs argue that WK Olson asks the Court to apply too high of a standard at the motion to dismiss stage. But the Seventh Circuit in recent years has made clear that district courts can address the substantial similarity issue on a Rule 12(b)(6) motion, considering in great detail whether a plaintiff has plausibly alleged that a defendant's work infringes on a copyright. *See Hobbs*, 722 F.3d at 1096 (holding, "as a matter of law," that two songs are not "substantially similar," affirming dismissal of copyright claims on a motion to dismiss); *Peters*, 692 F.3d at 636 (concluding that plaintiff's "claim for copyright infringement fails as a matter of law" at the motion to dismiss stage); *Culver Franchising Sys., Inc. v. Steak N Shake Inc.*, No. 16 C 72, 2016 WL 4158957, at *8 (N.D. Ill. Aug. 5, 2016) (collecting cases). Here, the Court does not even engage in such a substantive analysis of the elements of Plaintiffs' and WK Olson's works. Instead, it dismisses the claims on a pleading failure, finding that Plaintiffs have not even provided WK Olson and the Court with sufficient allegations to determine whether substantial similarity exists. Although Plaintiffs need not provide an exhaustive list of each and every

---

[5] The Court notes, however, that such incorporation by reference of thirty architectural plans, without any specific explanation of some similarities between them, would also not be an appropriate substitute for the requirement of setting forth a factual basis for copyright infringement.

example of infringement, they must at least provide sufficient facts to make their copyright infringement facts plausible. Because Plaintiffs have not done so, the Court dismisses their copyright infringement claims without prejudice.[6]

## II.     DMCA Violations (Count 9)

Plaintiffs also bring a claim under the DMCA. The DMCA makes it illegal for a person to knowingly falsify, remove, or alter copyright management information ("CMI"). 17 U.S.C. § 1202. CMI is defined as the information conveyed in connection with copies of a work, such as its title, author, copyright owner, the terms and conditions for use of the work, and identifying numbers or symbols referring to the work's copyright information. 17 U.S.C. § 1202(c). Plaintiffs claim WK Olson and Olson violated § 1202 by removing or omitting Plaintiffs' CMI from WK Olson's allegedly infringing plans. But as with their copyright infringement claims, Plaintiffs fail to sufficiently plead facts to support their boilerplate assertions of the elements of a DMCA claim. *Twombly*, 550 U.S. at 555. Plaintiffs do not identify the CMI at issue in the case, leaving WK Olson and Olson without a basis to understand the nature of the claim against them. Therefore, the Court also dismisses this claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants WK Olson's and Olson's motion to dismiss [36]. The Court dismisses the first amended complaint without prejudice.

Dated: July 31, 2018

_____
SARA L. ELLIS

---

[6] Because the Court concludes that Plaintiffs have not sufficiently alleged the copying element of the copyright infringement claims, this requires the dismissal of both the non-willful and willful copyright infringement claims and the Court need not address whether Plaintiffs have sufficiently alleged the additional intent element for the willful infringement claims. Plaintiffs' vicarious copyright infringement claims against Olson fail as well without an underlying direct infringement claim.

                                                United States District Judge